■ In the Matter of SOUTHAMPTON COMMONS HOMEOWNERS ASSOCIATION, INC., et al., Appellants, v SOUTHAMPTON TOWN BOARD et al., Respondents. [702 NYS2d 345] —In a proceeding pursuant to CPLR article 78 to review a resolution of the respondent Planning Board of the Town of Southampton, adopted January 15, 1998, which, *inter alia,* granted site plan approval and a special exception permit subject to certain conditions to the respondents Richard Nilsson and Stanley Bezubek, d/b/a B & N Moving and Storage, to use certain premises as a moving and storage warehouse facility, the petitioners appeal from an order and judgment (one paper) of the Supreme Court, Suffolk County (Underwood, J.), dated September 2, 1998, which denied their application for a preliminary injunction, denied the petition, and dismissed the proceeding.

Ordered that the order and judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

Contrary to the petitioners' contention, the respondent Planning Board of the Town of Southampton (hereinafter the Planning Board) identified the relevant areas of environmental concern and took a hard look at them before issuing a negative declaration (*see,* ECL art 8; 6 NYCRR 617.1 *et seq.*). In addition, the Planning Board set forth a reasoned elaboration for its determination (*see, Matter of Merson v McNally,* 90 NY2d 742, 751). This Court must not "substitute [its] judgment for that of the agency for it is not [a court's] role to 'weigh the desirability of any action or [to] choose among alternatives' " (*Akpan v Koch,* 75 NY2d 561, 570, quoting *Jackson v New York Urban Dev. Corp.,* 67 NY2d 400, 416).

Despite the petitioners' further contention, the record supports a finding that the Planning Board established that each of the required general standards was met before granting the respondents Richard Nilsson and Stanley Bezubeck, d/b/a B & N Moving and Storage, a special exception permit (*see,* Town of Southampton Town Code § 330-122).

The petitioners' remaining contentions are without merit. Bracken, J. P., Krausman, McGinity and Schmidt, JJ., concur.